UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC BEVERLY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-47 |
| | § | |
| JOE CORLEY PROCESSING CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Eric Beverly is an inmate in the Joe Corley Processing Center, a privately managed detention center. It appears from his complaint that he is a federal pretrial detainee. He filed a civil rights lawsuit alleging violations of his rights by the Joe Corley Processing Center and the United States Marshal Service. Beverly contends that he is being held in punitive segregation in retaliation for his decision not to plead guilty.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint. Similarly, 28 U.S.C. § 1915(e)(2)(A)(ii) requires dismissal of an *in forma pauperis* plaintiff's complaint if it fails to state a claim on which relief can be granted.

Beverly names two entities, the Joe Corley Processing Center and the United States Marshal Service, as defendants in this case. Actions for alleged violations of civil rights by federal actors are brought under the right of action recognized in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court, however, has expressly held that the *Bivens* right of action does not extend to private entities providing contractual services to the

federal government. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001). The Joe Corley Processing Center is a facility owned and operated by The Geo Group, Inc. There is therefore, under *Malesko*, no private right of action against the Joe Corley processing Center for alleged civil rights violations. Any such claim must be brought against the individuals who committed the violations. *Id.* at 70.

The same rule is applicable to the United States Marshal Service. "[A] *Bivens* action is not "a proper vehicle for altering an entity's policy." *Malesko,*[534 U.S.]*,* at 74, 122 S.Ct. 515. Furthermore, a *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others. The purpose of *Bivens* is to deter the *officer*." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860, 198 L. Ed. 2d 290 (2017) (emphasis in *Ziglar*, internal quotation marks and citation omitted).

The Supreme Court has thus made clear that there is no civil rights remedy available against entities acting under color of federal law. Rather, an aggrieved plaintiff must sue the individual officers responsible for the violations. For these reasons, Beverly's complaint fails to state a claim upon which relief can be granted, and the complaint must be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(A)(ii).

It is so ORDERED.

SIGNED on this 7th day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge